(No. 80-CC-2148– )

CHESTER NEUBAUER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 23, 1984.*

THEODORE E. DIAZ, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim is the result of an accident between the Claimant's automobile and a snowplow owned and operated by the State of Illinois. This accident occurred at about 10:00 a.m. on January 30, 1980, on Illinois Route 157 just north of the city limits of Edwardsville.

Udell Wehling, an employee for the Illinois Department of Transportation, was plowing the southbound lane of Route 157, which is a two-lane highway with traffic flow in both directions. On the day in question, there were several cars traveling south on Route 157 behind the plow. Claimant was the third car in this line. As Respondent's plow reached the Edwardsville city limits, the plow stopped on the right side of the southbound lane because the driver had reached the end of his route to plow and was preparing to turn around and plow the northbound lane. The line of traffic started to pass the

plow in the northbound lane. The first two vehicles passed safely. While Claimant's auto was passing, Respondent's plow turned left into Claimant's auto and struck Claimant's auto along the right side of the auto with the left front of the blade of the plow. The cost of repair of damages to the Claimant's auto was $2,207.56.

Wehling, the driver of the snowplow, testified he stopped to turn around in a service station on the east side of the highway. He testified he had activitated his left turn signal about 120 feet before he stopped. He observed the first two vehicles pass him on the left and then he checked his outside rear view mirror to see if traffic was clear. He saw no other vehicles, including that of Claimant, and he then began his left turn. He then observed the blade on his truck strike the side of Claimant's auto.

Claimant testified he saw Respondent's truck stop in the southbound lane and the two vehicles directly in front of Claimant then proceeded to pass the plow in the northbound lane. Claimant further testified he saw no turn signal on the truck and started to pass when the truck made a left turn into his car.

Claimant's wife, a passenger in Claimant's car, verified Claimant's version of the accident.

Another witness, Frances Smithson, a passenger in the car directly behind Claimant, testified on Claimant's behalf and stated she observed no turn signals on Respondent's truck. She further testified she had been in the line of traffic following the plow, that the traffic moved slowly behind the plow for some distance prior to the accident, and that the vehicles behind the plow proceeded to pass the plow in an orderly manner, without quick acceleration, after the plow stopped.

Section 11—804(a) of the Illinois Vehicle Code provides that no driver may "turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person may so turn any vehicle without giving an appropriate signal in the manner hereinafter provided." Ill. Rev. Stat. 1978, ch. 95½, par. 11—804(a).

Three witnesses testified that Respondent's driver failed to signal his left turn. Respondent's driver admitted he observed the first two vehicles behind him pass his plow on the left. He stated he looked in his outside rear view mirror and saw no other vehicles attempting to pass him. This, however, does not correspond with the testimony of the other witnesses, who all testified that Claimant drove his auto in a smooth procession behind the first two vehicles around Respondent's truck. Respondent's driver admitted that he did not check for traffic behind or passing him by looking over his shoulder behind him other than what he could see in his outside rear view mirror.

It would appear from the evidence introduced that Respondent's driver was negligent in making his left turn without a proper signal and without first establishing such a turn was reasonably safe, and this negligence was the proximate cause of the Claimant's damages.

Respondent's driver testified when he stopped his plow, he was within 100 feet of an intersection. Such passing is prohibited by statute. (Ill. Rev. Stat. 1978, ch. 95½, par. 11—706(a)2.) Violation of a statute is not evidence of negligence *per se* but is only *prima facie* evidence which may be rebutted by a showing that, under the facts and circumstances of the case, the alleged

violation did not constitute negligence. (*Johnson v. Pendergast* (1923), 308 Ill. 255, 139 N.E. 407.) Moreover, the party seeking to use the statute to his benefit must show the statute was designed to protect him. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

It is the Court's opinion that the statute prohibiting passing within 100 feet of an intersection was clearly designed to protect persons within the intersection, such as a vehicle turning off or onto a roadway on which the passing occurred. It is the Court's further opinion that even if Claimant had violated the statute, such violation did not constitute negligence under the present circumstances since Claimant clearly performed his passing maneuver in a manner which was reasonable and safe and was therefore not guilty of contributory negligence.

It is the Court's further opinion that the negligence of Respondent was the proximate cause of the accident and Claimant should be awarded $2,207.56. An award in that amount is hereby entered on behalf of Claimant.